NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID WILSON,

       *Petitioner*,

   v.

P. DENIS, *et al*.,

       *Respondents*.

Civil Action No. 25-12302

**OPINION**

May 27, 2026

**SEMPER, District Judge.**

  **THIS MATTER** comes before the Court upon the *pro se* filing of the Amended Complaint of Plaintiff David Wilson ("Plaintiff") pursuant to 42 U.S.C. § 1983. (ECF No. 3) and his applications to proceed *in forma pauperis* (ECF Nos. 6, 7).   For the reasons set forth below, the Court grants Plaintiff's *in forma pauperis* application, and, upon screening the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), permits Plaintiff's Fourth Amendment excessive force claim to proceed against Defendants Denis, Laboy, and John/Jane Does 1–10 in their individual capacities, and dismisses the remaining claims as set forth herein.

  **I.**  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

  Plaintiff is an inmate confined at Essex County Corrections Facility in Newark, New Jersey.  (ECF No. 3 at 3.)  The Amended Complaint names four categories of Defendants, all associated with 22 Franklin Street, Newark, New Jersey: (1) the Newark Police Department; (2) Officer P. Denis; (3) Officer Laboy (Badge No. 11359); and (4) John/Jane Does 1–10, additional officers whose identities remain unknown.  (*Id*. at 3–4.)

On or about March 4, 2025, between 6:00 p.m. and 10:00 p.m., Defendants Denis, Laboy, and John/Jane Does 1–10 took Plaintiff into police custody on 17th Street in Newark. (*Id.* at 5.) After placing Plaintiff in handcuffs behind his back, Defendants allegedly punched him repeatedly in the head, face, and body and knocked him to the ground without provocation or justification. (*Id.* at 5, 8.) The assault took place in a parking lot off 17th Street, behind a building, while Plaintiff was yelling and screaming for help. (*Id.* at 8.) Plaintiff alleges the assault was captured on Defendants' body cameras and on building surveillance footage. (*Id.*)

As a result of the beating, Plaintiff was transported to University Hospital (UMDNJ) for treatment. (*Id.* at 6.) Plaintiff alleges that he sustained emotional distress and a damaged pelvis, among other injuries. (*Id.* at 9.) He seeks punitive and compensatory damages in amounts to be determined by the Court, costs of suit, and attorney's fees. (*Id.*)

Plaintiff further alleges that following the arrest, Defendants Denis, Laboy, and John/Jane Does failed to file any contemporaneous police report and omitted from their subsequent reports the fact that Plaintiff had been hospitalized as a result of the encounter. (*Id.* at 6–7.) Only after the Superior Court Administration became aware of the omission did Defendant Denis file a late report, on April 22, 2025. (*Id.* at 6.) Plaintiff further alleges that Defendant Sgt. John Doe coordinated with the other Defendants to replace Denis and Laboy at the scene with uninvolved officers, who then escorted Plaintiff to the hospital in an effort to distance the offending officers from the incident. (*Id.* at 7.) Plaintiff contends that the Newark Police Department suppressed the body camera and surveillance footage of the assault to protect its institutional reputation. (*Id.* at 6.)

Plaintiff filed an initial complaint on June 27, 2025, without a filing fee or *in forma pauperis* ("IFP") application. (ECF No. 1.) On July 25, 2025, he filed an Amended Complaint.

2

(ECF No. 3.)  On August 1, 2025, the Court administratively terminated this action and directed Plaintiff to reopen the matter within 45 days by submitting either a completed IFP application with a certified six-month prison account statement or payment of the $405 filing and administrative fee.  (ECF No. 5.)  On August 4 and August 8, 2025, Plaintiff submitted IFP applications (ECF Nos. 6, 7), timely reopening this matter.  On February 9, 2026, Plaintiff wrote to the Court advising that he had refiled after learning his original case had been administratively closed and requesting that the Court locate and process the new filing.  (ECF No. 11.)

## II.    LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when the prisoner proceeds *in forma pauperis*.  28 U.S.C. § 1915(e)(2)(B).  The PLRA requires courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*  The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A complaint survives dismissal if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The Court accepts all well-pleaded facts as true, draws all reasonable inferences in the plaintiff's favor, and reads the complaint liberally.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### a. *In Forma Pauperis* Application

Under 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees upon a showing that he is "unable to pay the costs of suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff's certified inmate account statement reflects a current balance of $0.00 and an available balance of $0.00, with withdrawals during the relevant period attributable entirely to cost-recovery charges for medical visits, prescriptions, and processing fees, and no deposits of any kind. (ECF No. 6 at 4.) Plaintiff swears under oath that he has no money or property of any kind and no place to live upon release. (*Id.* at 2.) The Court is satisfied that Plaintiff has adequately demonstrated indigence.

The Court notes that the account certification section of the IFP form was not signed by a prison official, as required. Plaintiff explains, however, that Essex County Jail Administration refused to sign any documents on his behalf. (*Id.* at 3; ECF No. 7 at 7.) In light of Plaintiff's sworn affidavit attesting to that refusal and the authenticated account statement he separately obtained and submitted, the Court deems the application sufficient. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). Plaintiff's IFP application is accordingly granted. Because Plaintiff is a prisoner, the filing fee will be assessed and collected in installments pursuant to 28 U.S.C. § 1915(b).

### b. Fourth Amendment Excessive Force Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims of excessive force during an arrest are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Relevant factors include

the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to flee. *Id.* The use of force against a restrained and non-resisting detainee is generally constitutionally suspect. *Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004).

Plaintiff's allegations clear that bar. He avers that Denis, Laboy, and John/Jane Does 1–10—all Newark police officers acting under color of state law—handcuffed him behind his back and then, without provocation, punched him repeatedly in the head, face, and body and knocked him to the ground, causing injuries serious enough to require hospitalization. (ECF No. 3.) At the screening stage, these facts plausibly state a Fourth Amendment excessive force claim. Thus, this claim shall proceed against Defendants Denis, Laboy, and John/Jane Does 1–10 in their individual capacities.[1]

### c. Fourteenth Amendment Substantive Due Process Claims

Plaintiff also invokes the Fourteenth Amendment. (ECF No. 3 at 8.) Where a claim arises in the context of a seizure or arrest, however, the Fourth Amendment is the appropriate constitutional provision, and a standalone Fourteenth Amendment substantive due process claim premised on the same use of force is subsumed by the Fourth Amendment analysis. *Graham*, 490 U.S. at 395. To the extent Plaintiff asserts a separate substantive due process claim, that claim is dismissed without prejudice.

### d. Claims Against the Newark Police Department — Municipal Liability

A municipality or its agency may be held liable under § 1983 only where the alleged constitutional violation was caused by an official policy or widespread custom. *Monell v. Dep't*

---

[1] Plaintiff is advised that he must identify and serve the John/Jane Doe Defendants within the time allotted by the Federal Rules of Civil Procedure. Identifying information may be sought in discovery once the named Defendants are served.

*of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  There is no *respondeat superior* liability; a municipality cannot be held liable simply because it employs an officer who violated the Constitution.  *Id.* at 691.  A plaintiff must instead identify "a specific policy, widespread practice or custom, failure to train, or other deliberate choice made by the municipality that directly caused the plaintiff's injury."  *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014).

The Amended Complaint does not identify a specific Newark Police Department policy, a pattern of similar incidents involving the Department, or facts plausibly suggesting deliberate indifference at the policymaking level.  Plaintiff's allegations concern the conduct of individual officers on a single occasion.  Without more, the Amended Complaint fails to state a cognizable *Monell* claim.  Accordingly, Plaintiff's claims against the Newark Police Department are dismissed without prejudice.  Should discovery reveal a basis for municipal liability, Plaintiff may seek leave to amend accordingly.

### e.  Official Capacity Claims Against Individual Defendants

To the extent Plaintiff sues Denis, Laboy, or John/Jane Does 1–10 in their official capacities, those claims are the equivalent of claims against the Newark Police Department as a municipal entity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Because Plaintiff has not adequately pled municipal liability as set forth above, the official capacity claims are dismissed without prejudice.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's *in forma pauperis* application is **GRANTED**. Plaintiff's Fourth Amendment excessive force claim **SHALL PROCEED** against Defendants Denis, Laboy, and John/Jane Does 1–10 in their individual capacities.

The following claims are **DISMISSED WITHOUT PREJUDICE**: (1) the Fourteenth

6

Amendment substantive due process claim, as subsumed by the Fourth Amendment; (2) all claims against the Newark Police Department for failure to plead municipal liability under *Monell*; and (3) all official capacity claims against the individual Defendants.

An appropriate Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**